937 F.2d 616
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
MASTER PALLETIZER SYSTEMS, INC., a Colorado corporation,
f/k/a Master Conveyer Corporation, Plaintiff-Appellee,
v.
T.S. RAGSDALE COMPANY, INCORPORATED, a South Carolina
corporation, Defendant-Appellant.
 No. 89-1387.
 United States Court of Appeals, Tenth Circuit.
 July 9, 1991.
 
 Before LOGAN, ALDISERT,* and SEYMOUR, Circuit Judges.
 ORDER AND JUDGMENT**
 LOGAN, Circuit Judge.
 
 
 1
 T.S. Ragsdale Company, Inc. (Ragsdale) appeals a judgment of the district court awarding $324,166 to Master Palletizer Systems, Inc. (Master) for breach of contract. Master manufactures automated palletizing systems used in the packaging of products for shipment. Ragsdale, a charcoal manufacturer, purchased such a system for its bagging plant in South Carolina. After a series of delays, the system was installed and declared operational. When Ragsdale refused to pay the final portion of the sale price, contending that the system continually malfunctioned and did not operate as specified, Master sued for breach of contract and breach of the duty of good faith and fair dealing. Ragsdale counterclaimed, alleging breach of contract and fraudulent misrepresentation and concealment. After an eight day nonjury trial, the district court ruled in favor of Master on all claims except its claim for breach of the duty of good faith and fair dealing. Ragsdale filed a timely appeal.
 
 
 2
 * Ragsdale first argues that several of the district court's factual findings relating to the formation and performance of its contract with Master are not supported by substantial evidence. Specifically, Ragsdale challenges the following findings: (1) the contract between the parties was formed on September 10, 1985, and its contents included a document entitled "Conditions of Sale;" (2) Master substantially performed its obligations under the contract; (3) Ragsdale was not damaged by Master's breach; and (4) Master did not commit fraudulent misrepresentation and/or concealment in connection with the contract.
 
 
 3
 "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." Fed.R.Civ.P. 52(a). See also Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985) (Rule 52(a) governs appellate review of a district court's findings of fact). Applying this standard to the instant case, we conclude that the challenged findings of the district court are not clearly erroneous. We have carefully examined the entire record and find that each of the court's factual determinations are supported by substantial evidence.
 
 II
 
 4
 The district court sequestered all witnesses pursuant to Fed.R.Evid. 615, except it allowed a technical advisor to be present at counsels' tables during expert testimony provided the technical adviser would not be a witness. Ragsdale attempted to seat two different advisors during the testimony of Master's experts, but the district court refused because they were members of the same firms as Ragsdale's testifying experts. Ragsdale argues that in so ruling the district court committed reversible error.
 
 
 5
 The decision to sequester a witness is left to the sound discretion of the trial court, and "will be reversed only upon a clear showing of abuse of such discretion." United States v. Alvarado, 647 F.2d 537, 540 (5th Cir.1981). The court reasoned that allowing a person who was a witness to be the technical expert would "gut the effect of the exclusionary rule," II R. 5, which is to prevent one witness from hearing another's testimony. It stated that having a member of the same firm as the testifying expert witness be the technical advisor at the counsel table violated the spirit of the sequestration rule, because of the risk of collaboration and communication between the two. We do not see prejudice to Ragsdale by the court's ruling. Its counsel was well versed in the intricasies and complexities of the case and effectively cross-examined Master's experts. In the particular circumstances of this case, we cannot hold that the district court abused its discretion in excluding these nontestifying experts from Ragsdale's counsel's table.
 
 III
 
 6
 Finally, Ragsdale argues that the district court erred in refusing to accept or consider the opinions of Ragsdale's experts in the fields of accounting and damage analysis. The district court admitted the reports and opinions of Ragsdale's experts, although it stated that it considered them to be the reports and opinions of their employer, Arthur Andersen and Company. VI R. at 113-14. We see no significance in this distinction, and we cannot presume from the district court's opinion, as Ragsdale argues, that as a result, the court gave lesser weight to the experts' testimony because of its ruling. An examination of the record and the court's opinion demonstrates only that the district court found Master's experts more convincing.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The Honorable Ruggero J. Aldisert, Senior United States Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3